# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

TINA CASTILLO,

    Petitioner,

vs.                                                    CASE NO. 4:04cv55-RH/WCS

WARDEN JOSE VASQUEZ,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

      This is a petition for writ of habeas corpus filed by Tina Castillo pursuant to 28 U.S.C. § 2241.  Doc. 1.   Respondent filed an answer, doc. 8, and Petitioner filed a traverse, doc. 10.  Petitioner is currently serving a federal prison sentence of 146 months imposed in the Western Division of the Northern District of Iowa , Case No. CR00-4109-MWB.  The sentence was imposed on November 20, 2001, and was to run concurrently with an Iowa sentence in State of Iowa case number FECR049778.  Doc. 1, attachment.  Pursuant to 18 U.S.C. § 3585, Petitioner seeks credit for time spent in custody before the imposition of the federal sentence.

Attached to the petition is a letter dated January 8, 2003, from the sentencing judge in the federal case, Chief Judge Mark W. Bennett, recommending that Petitioner receive credit for time served on the Iowa case. *Id.* A copy of the letter is also attached to the answer, doc. 8, attachment 11. Chief Judge Bennett states in this letter: "This state case is related to the instant federal offense and the Court intended that defendant receive credit from August 23, 2000, her initial arrest date, to November 20, 2001, which is when she began receiving credit." *Id.* The Bureau of Prisons responded that it could not honor this recommendation because all of this jail time had been credited against a state sentence, relying upon 18 U.S.C. § 3585(b). Doc. 8, attachment 12, p. 1.

The Bureau of Prison's response to Petitioner's administrative remedy appeal is dated May 2, 2003.[1] *Id.*, at p. 17. It was explained there that Petitioner was arrested on August 23, 2000. She stayed in state custody until March 26, 2001, when she came into federal custody pursuant to a writ of habeas corpus ad prosequendum. *Id.* Petitioner remained in federal custody until November 20, 2001, when the 146 month federal sentence was imposed. *Id.* This judgment was silent as to whether the sentence was to be concurrent to any other sentence. Doc. 8, attachment 5.

---

[1] The proper way to bring a § 3585 claim is to first exhaust administrative remedies with the Bureau of Prisons (BOP). United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991), *cert. denied*, 112 S.Ct. 1588 (1992) (exhaustion of the BOP Administrative Remedy Procedure is a jurisdictional prerequisite to judicial review of a § 3585 claim). Following exhaustion, the prisoner may seek judicial review by petition for writ of habeas corpus under 28 U.S.C. § 2241. McClain v. Bureau of Prisons, 9 F.3d 503, 505 (while Attorney General rather than the court has the authority to compute § 3585 credit, the district court may grant relief under § 2241); Koray v. Sizer, 21 F.3d 558, 559 (3d Cir. 1994) (after exhausting administrative remedies the prisoner sought a writ of habeas corpus from the district court for § 3585 credit); Spinola v. United States, 941 F.2d 1528 (11th Cir. 1991)

Case No. 4:04cv55-RH/WCS

Petitioner was then returned to state custody and on November 26, 2001, she was sentenced in state court to 15 years, to be served concurrently with the federal sentence. Doc. 8, attachment 6. The state authorities credited Petitioner for 460 days, all of her "in custody" time, from August 23, 2000, to November 26, 2001. *Id.*; attachment 1, ¶ 9; ;

On December 14, 2001, the district court amended its judgement to make the 146 month federal sentence concurrent to the state sentence. Doc. 8, attachment 7. On April 11, 2002, the BOP designated the state facility as the place for service of Petitioner's federal sentence, *nunc pro tunc* to November 20, 2001, the date of imposition of her federal sentence. Doc. 8, attachment 1, ¶ 10 and attachment 9.

The administrative remedy appeal was denied because credit for jail time pursuant to 18 U.S.C. § 3585(b) is not available if the time has been credited to another sentence. Doc. 8, attachment 12, p. 17. Section 3585(b) of Title 18, U.S.C., provides:

> (b) **Credit for prior custody**. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

Petitioner raised this same issue with Chief Judge Bennett in the Western Division of the Northern District of Iowa by a motion to compel in Case No. CR00-4109-

MWB. Doc. 1, attachment, pp. 24-25. By order dated July 17, 2003, Chief Judge Bennett denied the motion, finding that only the United States Attorney General has authority under § 3585(b) to award credit for time served prior to the date upon which the federal sentence commences. *Id.*, pp. 27-28.

The order to show cause, doc. 5, cited Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990) as finding that the Bureau of Prisons has authority to designate a state facility *nunc pro tunc* for concurrent service of a federal sentence. *See also* McCarthy v. Doe, 146 F.3d 118 (2d Cir. 1998). This overlooked the attachments to the petition, demonstrating that a *nunc pro tunc* designation had already been made, commencing the federal sentence on November 20, 2001, the date of sentencing. This *nunc pro tunc* designation provides the relief that is available under the reasoning of Barden v. Keohane. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); United State v. Flores, 616 F.2d 840, 841 (5th Cir. 1980) ("The sentences could not be concurrent in the sense of having the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence being served."); United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998) (the court cannot designate the commencement of a sentence earlier than specified in § 3585(a)).

Credit for prior custody is governed by §3585(b) as a separate issue. Such credit cannot be granted by the Bureau of Prisons if the time in prior custody has been credited against another sentence. Labeille-Soto, 163 F.3d at 99. The sentencing court


does not have authority to award prior custody credit at sentencing. Only the Attorney General, acting through the Bureau of Prisons, can award prior custody credit pursuant to § 3585(b). United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992).

A sentencing judge could have accomplished the goal of awarding prior custody credit for time spent in custody before November 20, 2001, by adjusting the sentence pursuant to U.S.S.G. § 5G1.3(b) and Comment, n. 2 (citing § 3585(b)). *See also* United States v. Descally, 254 F.3d 1328, 1330-1333 (11th Cir. 2001 (discussing note 2). But this is not a claim that is cognizable in habeas corpus for error in the execution of the sentence. *Cf.* 28 U.S.C. § 2255; Wofford v. Scott, 177 F.3d 1236, 1244-1245 (11th Cir. 1999) (a prisoner authorized to seek § 2255 relief may not proceed in habeas corpus unless the § 2255 remedy is inadequate or ineffective; this requires at least a showing of a retroactive Supreme Court opinion overturning circuit precedent).

Accordingly, it is **RECOMMENDED** that the petition for writ of habeas corpus filed by Tina Castillo pursuant to 28 U.S.C. § 2241, doc. 1, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 23, 2005.


s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and**

**recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**